[Civ. No. 7901.   Third Dist.   July 13, 1951.]

JASPER L. ELLIS, Respondent, v. JOE GEIGER, Appellant.

416

Clewe, Martin & Blade for Appellant.

Goldstein, Barceloux & Goldstein, F. R. Crable, Jordan N. Peckham and Price & Morony for Respondent.

SCHOTTKY, J. pro tem.—Plaintiff commenced this action to recover $298.33 for cost of repairs to and $140 for loss of use of his automobile, which was involved in a collision with an automobile owned and operated by defendant. Defendant cross-complained for damage to his automobile, for personal injuries to himself and was joined in such cross-complaint by his wife who sought damages for personal injuries received in the accident. The trial court, sitting without a jury, rendered judgment in favor of plaintiff for the full amount prayed for, and found against the cross-complainants on their cross-complaint.

Defendant and cross-complainant has appealed from said judgment. Appellant contends "that the judgment cannot be upheld without reliance on the testimony of plaintiff and his daughter, that such testimony with respect as to how the accident happened is incredible and contrary to the physical findings of Officer McKray, which findings were presented by the plaintiff, are uncontroverted and hence, that the judgment must fall."

This appeal is so lacking in merit that it borders on the frivolous. ▮▮ If there is any rule that is well settled it is the oft-repeated rule that an appellate court cannot disturb a finding of the trial court if there is any substantial evidence

to sustain it, and that before an appellate tribunal is justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party which may reasonably be drawn therefrom, and excluding all evidence and inferences in conflict therewith, it still appears that the law precludes the rendering of judgment in favor of such prevailing party. ■ The evidence must be construed most strongly against the losing party and every favorable inference and presumption which may fairly be deduced from the evidence should be resolved in favor of the prevailing party. The prevailing party's evidence must ordinarily be accepted as true and evidence which is contradictory must be disregarded.

■ Respondent and his daughter testified as to how and where the collision occurred and appellant and his wife and son did likewise. Their testimony was sharply conflicting. Sergeant McKray, a traffic officer and a witness called by respondent, gave testimony which appellant contends completely controverts the testimony of respondent and his daughter. Appellant argues that the testimony of respondent and his daughter is, therefore "incredible" and must be rejected, and that the judgment cannot stand.

The trial court heard all of the witnesses and was in a position to weigh their testimony, and the trial court in its opinion indicated quite clearly that it did not accept the version of appellant's witnesses. Assuming that the testimony of the traffic officer as to the point of impact contradicted the testimony of respondent and his daughter, the weight of the conflict, if any, was a question for the trial court. There is nothing inherently incredible about the testimony of respondent and his daughter, and it was certainly ample to support the judgment rendered by the court. Appellant's argument is one which could be, and no doubt was, urged in the trial court, but having failed to convince the trial court, it is of little weight in an appellate tribunal.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.